UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NIA DYER-LOCKE,
and DARIUS MAYNARD,

                Plaintiffs,

   -against-                               **AMENDED**
                                               **COMPLAINT**

THE CITY OF NEW YORK,
DETECTIVE EDWARD McBRIDE, and
JOHN DOES 1-7,

                                               **PLAINTIFFS DEMAND**
                                               **A TRIAL BY JURY**
                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiffs Nia Dyer-Locke and Darius Maynard, by their attorneys, Lumer & Neville, as and for their Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff Nia Dyer-Locke was a resident of Kings County, within the State of New York.

        2.     At all times hereinafter mentioned, plaintiff Darius Maynard was a resident of Kings County, within the State of New York.

        3.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        4.     At all times hereinafter mentioned, defendants Detective Edward McBride and John Does 1 through 8 were members of the NYPD and employed, retained,

trained, and supervised by New York City, whose individual identities are not presently known. Defendant Edward McBride and the Doe defendants are sued herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where plaintiffs and defendant City of New York reside, and where the majority of actions complained of herein occurred.

## RELEVANT FACTS

7. At all relevant times herein, Nia Dyer-Locke resided in a private house located at 589 East 34th Street, Kings County, New York (the "premises"), along with other family members.

8. On August 10, 2013, 12:00 p.m., plaintiffs Nia Dyer-Locke and Darius Maynard were lawfully present inside the premises when the defendants entered the premises.

9. Defendants, including Defendant Detective Edward McBride, were not invited into the premises nor was their entry consented to by any of the plaintiffs, or any other individual authorized to so consent.

10. There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

11. The defendants did not display a warrant to justify their entry into the

premises.

12. The defendants seized, detained, and handcuffed the plaintiffs.

13. The plaintiffs were eventually transported in handcuffs from the premises to a local area NYPD station house, where they were further detained and processed.

14. While plaintiffs were unlawfully imprisoned by Defendant Detective Edward McBride and other defendants, Defendant Detective Edward McBride and other defendants completed arrest paperwork which, upon information and belief, alleged that narcotics and narcotics paraphernalia were recovered inside the premises in such a manner as to suggest that the two plaintiffs actually or constructively possessed these items.

15. All of the above-mentioned allegations were false, and Defendant Detective Edward McBride and the defendants knew them to be false at the time the defendants made the false allegations.

16. Defendant Detective Edward McBride and other defendants forwarded these false allegations to the Kings County District Attorney ("KCDA") or the New York City Criminal Court ("NYCCC") in order to justify the arrest and to persuade the KCDA or NYCCC to commence and/or continue the plaintiffs' criminal prosecution.

17. Defendant Detective Edward McBride and other defendants knew and understood that the KCDA and the NYCCC were relying on the truthfulness of Defendnat Detective Edward McBride's and other defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the plaintiffs. Defendant

Detective Edward McBride and the other defendants were aware that the KCDA and the NYCCC assumed that all of the factual statements, claims and allegations that all defendants relayed to the KCDA and the NYCCC were truthful in all material respects.

18. Defendant Detective Edward McBride and other defendants further knew and understood that they were obligated to provide any and all exculpatory information to the KCDA and the NYCCC, and that Defendant Detective Edward McBride and the other defendants were expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

19. Plaintiffs were held in a NYPD station house, and then transported, in custody, to central booking, where they were held until they appeared for arraignment before a Kings County Criminal Court Judge, where plaintiffs were released on their own recognizance. Each plaintiff was charged with both criminal possession of a controlled substance, and criminal possession of narcotics paraphernalia.

20. The plaintiffs each appeared in Court as required, and their cases were adjourned in contemplation of dismissal ("ACD") on September 25, 2013.

21. At no time did Defendant Detective Edward McBride and the other defendants have probable cause to seize, detain or arrest any of the plaintiffs, nor was it reasonable for the defendants to believe that such cause existed.

22. Despite the absence of probable cause and a lack of evidence indicating criminal conduct by either of the plaintiffs, the Defendant Detective Edward McBride and

4

the other defendants proceeded with the arrests of the two plaintiffs herein. Defendant NYC and the individual defendant officers, in their official and personal capacities, did unlawfully arrest the two plaintiffs in order to increase the arrest statistics for their unit.

23. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and unconstitutional conduct engaged in by their fellow officers against the two plaintiffs.

24. The defendants' illegal, unlawful, and unconstitutional actions against the plaintiffs in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

25. More precisely, under the above-mentioned plan or policy, New York City Police Officers within the Narcotics Division would secure warrants to search apartments, social clubs, and other locations, and, if any contraband was found, New York City Police Officers would routinely arrest all persons found in such locations, regardless of whether there was any factual basis for the charges. The arresting officer(s) would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the persons arrested.

26. The purpose of this plan or policy was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

27. In addition, the plaintiffs herein allege that members of the Narcotics Division of the New York City Police Department are evaluated, at least in part, on the basis

of their "activity," which is measured by the number of arrests made, and other, similar criteria. Thus, members of the Narcotics Division routinely make arrests and engage in other police conduct without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

28. The above-mentioned plan or policy has been kept in effect from, at least, 2006 through, at least, the date of plaintiffs' arrests, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests, or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

29. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

30. Plaintiffs repeat the allegations contained in paragraphs "1" through "29" above as though stated fully herein.

31. Defendants willfully and intentionally seized, searched, detained and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

32. The defendants also fabricated evidence through the making of false and misleading factual statements, which were forwarded to the KCDA, and which resulted

in the deprivation of plaintiffs' liberty.

33. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, unlawful searches of their persons and property, excessive force, and denial of a fair trial through the fabrication of evidence, and defendants violated and aided and abetted in the violation of plaintiffs' rights under the United States Constitution.

34. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

35. Plaintiffs repeat the allegations contained in paragraphs "1" through "34" above as though stated fully herein.

36. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintained a "cowboy culture" and that the judge was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

37. Notwithstanding its awareness of the Narcotic Division's pattern of making unlawful arrests and then falsifying their records and testimony to justify and cover up this misconduct, the NYPD made no effort to curb, limit, or otherwise prevent the misconduct from continuing.

38. At the same time, the NYPD was aware of, permitted, and, tacitly or overtly, endorsed said policy within the NYPD generally, and the Narcotics Division specifically, of the making of wholesale arrests without probable cause which were then justified on paper by false or materially misleading factual allegations by the arresting officers, all in the name of creating the appearance of a greater activity by the officers.

39. Thus, the City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

40. By reason thereof, defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

### THIRD CAUSE OF ACTION

41. Plaintiffs repeat the allegations contained in paragraphs "1" through "40" above as though stated fully herein.

42. Plaintiffs were intentionally, willfully, maliciously and/or with reckless disregard, subjected to excessive force, false arrest and imprisonment, and the unlawful search of their person and property.

43. The municipal defendant City of New York is therefore vicariously

liable to plaintiffs for the excessive force, unlawful search, seizure, and false arrest and imprisonment of plaintiffs by said municipalities' employees and agents under the doctrine of *respondeat superior*.

44. By reason thereof, the municipal defendant has caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

45. Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

 i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

 ii. on the second cause of action, actual damages in an amount to be determined at trial;

 iii. on the third cause of action, actual damages in an amount to be determined at trial;

 iv. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

 v. such other relief as the Court may deem just and proper.

Dated: New York, New York
 August 6, 2014

> LUMER & NEVILLE
> Attorneys for Plaintiffs
> 225 Broadway, Suite 2700
> New York, New York 10007
> (212) 566-5060
>
>
> By: /s/
> _____
> James C. Neville (JN-2128)